Victor Alexander **LOPEZ–MARTINEZ,** aka Victor A. Lopez, aka Victor Alexander Lopez, aka Lopez–Hernandez, aka Juan Jose Lopez–Martinez, AKA Maynor Martinez–Ropalo, Petitioner,

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–72464.

United States Court of Appeals, Ninth Circuit.

Submitted April 26, 2016.*

Filed May 3, 2016.

Areg Kazaryan, Law Offices of Areg Kazaryan, Glendale, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Matthew Albert Connelly, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Victor Alexander Lopez–Martinez, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision finding him removable and statutorily ineligible for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir.2014). We deny the petition for review.

The agency correctly concluded that Lopez–Martinez was ineligible for cancellation of removal based on his conviction for a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i), where the record established that he had been convicted under California Penal Code § 273.5. *See* 8 U.S.C. § 1229b(b)(1)(C) (specifying classes of criminal convictions that preclude a grant of cancellation of removal); *Carrillo v. Holder*, 781 F.3d 1155, 1159 (9th Cir. 2015) ("[California Penal Code] § 273.5 is categorically a crime of domestic violence within the meaning of 8 U.S.C.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1227(a)(2)(E)(i)"); 8 C.F.R. § 1003.41(d) (in addition to the conviction documents enumerated in the regulation, "[a]ny other evidence that reasonably indicates the existence of a criminal conviction may be admissible as evidence thereof"). Lopez–Martinez's contention that the conviction documents admitted as evidence did not establish his relationship to the victim is without merit because his conviction is categorically a crime of domestic violence. *See Carrillo,* 781 F.3d at 1159.

In light of our disposition, we do not reach Lopez–Martinez's contention regarding the burden of proof where the record of conviction is inconclusive.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.